contract of guaranty is excluded from the record at the instance of defendant.

4. INDEMNITY, § 5*—*binding effect of temporary agreement.* A contract to protect a party from liability on a lease, to be binding "until otherwise contracted for by the parties," *held* intended to be in a sense a temporary arrangement, but to continue in force until the expiration of the lease unless sooner abrogated by another contract.

5. INDEMNITY, § 11*—*when contract covers attorney's fees.* A contract to indemnify a party against any damages sustained on account of its liability·as the lessee in a lease, *held* to cover attorney's fees and costs where a judgment against such party was entered by confession on a power of attorney contained in the lease, with a provision therein for attorney's fees.

---

## John J. Shea, Appellee, v. Paul J. Morand, Appellant.

## Gen. No. 19,379.·  (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed with finding of facts. Opinion filed December 31, 1914.

### Statement of the Case.

Action by John J. Shea against Paul J. Morand for malicious prosecution.   To reverse a judgment in favor of plaintiff for five hundred dollars, defendant appeals.

Defendant had procured the arrest of plaintiff on a charge of embezzlement, and on a hearing before a justice of the peace plaintiff was discharged.

The charge of embezzlement was based on the claim that plaintiff, while an agent of defendant, had collected money belonging to defendant and had appropriated it to his use.   The undisputed facts were that before the complaint was made on which the warrant for the arrest of plaintiff was issued, defendant went to his

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

regular attorney, who for years had transacted for him such business as required the services of an attorney, and fairly and fully submitted to him all the facts within his knowledge concerning the charge that was eventually lodged against plaintiff. On the following day the attorney went to the office of defendant and examined the books of defendant pertaining to the matter and talked with the bookkeeper and the cashier and again talked with defendant, going over the facts with each separately. The attorney then advised that a demand be made on plaintiff for the money, which was done, with the result that plaintiff refused to turn it over. The attorney then advised defendant that plaintiff was guilty of the crime of embezzlement and advised him to "swear out a warrant." Acting on this advice, the complaint on which the warrant in question was issued was made.

THOMAS E. ROONEY and FERDINAND GOSS, for appellant.

No appearance for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. MALICIOUS PROSECUTION, § 75*—*when evidence shows defendant did not act without probable cause.* In an action for malicious prosecution, the course pursued by defendant in having plaintiff arrested for embezzlement, as shown by the uncontradicted evidence, *held* to successfully rebut any presumption of malice, and to conclusively establish the fact that defendant did not act without probable cause.

2. MALICIOUS PROSECUTION, § 13*—*when person acting on advice of counsel not liable.* Where a prosecuting witness presents all the facts within his knowledge, or that he could have ascertained by reasonable diligence, fairly and without reserve to a State's Attorney or some other lawyer of recognized ability and good standing, and in good faith acts on his advice, he cannot be held responsible in an action for malicious prosecution.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.