## Samuel Strobl, Appellee, v. J. J. Ingels, Appellant.

## Gen. No. 31,741.

1. APPEAL AND ERROR—*where instructions should appear in record.* Instructions should appear in the record on appeal in the bill of exceptions and not in the common-law record.

2. APPEAL AND ERROR—*showing in record of submission of instructions.* The record on appeal should show whether the instructions given and refused were submitted by the plaintiff or by the defendant.

3. APPEAL AND ERROR—*argument not covering points in brief as contrary to rule.* Rule 19 of the first division of the Appellate Court is violated by a brief and argument in which a statement of the case is mostly argument, the points are greatly in excess of those involved, and the argument does not take up the points made.

4. MALICIOUS PROSECUTION—*admissibility of counsel's advice.* In an action for malicious prosecution evidence is admissible to show that the defendant disclosed fully to an assistant State's attorney all the facts before swearing to an information on which plaintiff was arrested in the prior proceeding.

5. MALICIOUS PROSECUTION—*counsel's advice as defense.* A prosecuting witness who has fairly presented all the facts to a State's attorney before swearing to an information cannot be held responsible in an action for malicious prosecution.

Appeal by defendant from the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed October 10, 1927.

George C. Geier, for appellant.

Hermena B. Deiches and Kraft & Erskine, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal the defendant seeks to reverse a judgment for $500 rendered in a malicious prosecution case.

The record is much confused and badly prepared. The clerk has copied in the common-law record what he designates a refused instruction as well as what he designates given instructions. These properly can be shown only by being incorporated in the bill of exceptions. Moreover, even if we could consider what is termed the refused and given instructions, it does not appear they were submitted by the plaintiff or defendant. But in view of the manner in which counsel for plaintiff have prepared their brief, many of the points contended for by plaintiff cannot be considered by us.

Plaintiff's counsel in the opening sentence points out that the defendant has not complied with Rule 19 of this court in making a statement of the case. Then follows what is said to be a statement of the case, but most of this consists of points and arguments why the judgment should be affirmed. Again on page 6 of plaintiff's brief begins "Points and Authorities," and more than seven pages are taken up with this division and more than thirty points are there made. Few, if any, of them are argued in the argument which follows. Obviously there are not more than two or three points involved in a case of this kind.

Rule 19 of this court provides that the brief of points and authorities "must be followed by an argument in support of the same. The argument shall be confined to discussion of the same points contained in the brief and none other, and the points shall be argued in the order in which they are made in the brief; a point made

but not argued may be considered as waived." And as stated, although there are more than thirty points made in the division of the brief of "Points and Authorities," which covers more than seven pages, the argument does not take up these points, and is of but little more than four pages.

From an examination of the record in this case it is obvious that the defendant did not have a fair trial. He offered evidence tending to show that before he swore to the information which he filed in the municipal court and upon which a warrant was issued and plaintiff taken into custody in that proceeding, he submitted all the facts to an assistant State's attorney. When this offer was made counsel for plaintiff objected and the objection was erroneously sustained. In numerous cases it has been held in this State that where a prosecuting witness presents all facts fairly and without reservation to a State's attorney or some other lawyer of recognized ability and good standing, he cannot be held responsible in an action for malicious prosecution. *Shea v. Morand,* 191 Ill. App. 11; *Glenn v. Lawrence,* 280 Ill. 581. And indeed counsel for plaintiff in this court admits this to be the law, but no explanation is offered why he objected on the trial when the defendant sought to offer evidence on this point.

The judgment of the circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.